MADDOX, Justice.
This case involves the interpretation of an amendment to a restrictive covenant applicable to real property located on Dauphin Island, and it arises out of a determination made by the trial court in favor of the appellees that allowed them to build “multi-family structures” on their respective lots, which were originally restricted to the building of duplexes.
The facts are basically undisputed. The appellees are owners of two parcels of real property, which are part of a subdivision plat. Appellees originally purchased the parcels in 1984 and 1985, subject to restrictive covenants contained in a 1953 plat of the subdivision, as amended in 1983. It is the 1983 amendment, which liberalized the use of the lots, that is at issue on this appeal.
In 1953, the building restrictions, inter alia, limited the lots in question to one structure, designed to accommodate up to two families. The 1983 amendment allowed “multi-family structures” to be built on a “multi-family area,” as defined in the amendment. The 1983 amendment is applicable to all lots located in the “multi-family areas.” The critical question, therefore, is whether appellees’ lots are now located in a “multi-family area.”
“Multi-family areas” is defined in paragraph 4(a)(1) of the 1983 amendment, as follows: “The term ‘Multi-Family Areas’ when used in this Section 8-A shall mean all restricted lots of land on Dauphin Island that presently provide for structures designed to accommodate two, three, or more families.” (emphasis added). The 1983 amendment in paragraph 4(a)(2) defines the term “multi-family structure” as follows: “The term ‘Multi-Family Structure’ when used in this Section 8-A shall include structures designed to accommodate two, three or more families; villas; townhouses and condominiums to be constructed in Multi Family Areas, but shall not include hotels, hotel courts or motor courts.”
The appellant contends that the use of the word “structures” in the 1983 amendment does not extend to the appellees’ lots, but extends only to those lots upon which “multi-family structures” were allowed by the 1953 restrictive covenant. Appellant, in effect, says that the appellees’ property was restricted as of the date of purchase in 1984 to one detached single-family dwelling for one or two families, and that the 1983 amendment that allows “multi-family structures” did not apply to their lots, because a detached single family dwelling, even though it could be built to accommodate two families, was not a “multi-family structure.”
The appellees, on the other hand, contend that the 1983 amendment did apply to their lots, because the 1983 amendment applied *1391 to “all restricted lots of land on Dauphin Island that presently provide for structures designed to accommodate two, three, or more families,” and they contend that their lots, at the time of the adoption of the 1983 amendment, did provide for a “structure” that was designed to accommodate “two” families.
In short, appellees contend that the definition of a “multi-family area” in the 1983 amendment includes their lots. Appellees say that if the appellant had meant to exclude their lots from the operation of the amendment, the appellant should have explicitly stated that the amendment included only those lots on which was authorized the building of more than one structure that would accommodate two or more families. In other words, appellees say that appellant could have explicitly provided that a “multi-family area” would not be defined as including lots on which only one detached dwelling could be built, although it could accommodate two families.
In his order, the trial judge held “That the May 14, 1983 Amendment to Building Restrictions and Protective Covenants Applicable to 1953 Subdivision of Dauphin Island, Alabama, is ambiguous in its definition of the term ‘Multi-Family Areas’ as well as other pertinent portions thereof, and that the ambiguities therein are hereby construed against the Defendant Dauphin Island Property Owners Association and in favor of the Plaintiffs, Richard B. Cunningham and Hans Van Allen.” In so doing, the trial court adjudged that the lots of the appellees were located in a “multi-family area,” upon which “multi-family structures” could be constructed.
We agree with the trial court that the 1983 amendment that defines a “multi-fam-ily area” is not clear. We hold, therefore, based upon the record before us, that the judgment of the trial court is supported by the evidence. It is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON and BEATTY, JJ., concur.
HOUSTON, J., concurs specially.